# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOE O'NEAL,**
**Claimant Below, Petitioner**

vs.)     **No. 18-0543** (BOR Appeal No. 2052374)
                    (Claim No. 2015006469)

**TWIN STATE MINING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joe O'Neal, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Twin State Mining, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. O'Neal is entitled to as a result of his compensable injury. The claims administrator granted a 3% permanent partial disability award on February 14, 2017. The Office of Judges reversed the decision in its December 12, 2017, Order and granted a 4% award. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. O'Neal, a coal miner, injured his lower back in the course of his employment on August 28, 2014. The Employees' and Physicians' Report of Injury states that he was injured while lifting a chain breaker. He was diagnosed with a back sprain and put on modified duty for two weeks. Mr. O'Neal was treated by Robert Kropac, M.D., on September 16, 2014, for lower back and right leg pain. It was noted that he had experienced back pain for the previous year. Dr. Kropac diagnosed lumbosacral musculigamentous strain.

1

A.E. Landis, M.D., performed an independent medical evaluation on January 2, 2017, in which he noted that an MRI was performed on November 16, 2014. It showed multilevel degenerative disc disease with protrusions at L1-2 and L4-5. The changes had advanced since a 2013 MRI. Dr. Landis opined that Mr. O'Neal sustained a sprain as a result of the compensable injury, which was superimposed on preexisting degenerative changes. Mr. O'Neal was released to return to full duty two months after the compensable injury. Dr. Landis noted that range of motion measurements were invalid. He placed Mr. O'Neal in Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) which allows for 5% impairment. Dr. Landis then apportioned 2% impairment for preexisting back issues, which left 3% impairment due to the compensable injury. On February 14, 2017, the claims administrator granted Mr. O'Neal a 3% permanent partial disability award.

On April 13, 2017, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed chronic post traumatic lumbosacral sprain superimposed on preexisting lumbar spine disease. He placed Mr. O'Neal in Category II-B from Table 75 of the American Medical Association's *Guides* for 5% impairment. Range of motion measurements showed 5% impairment. This was combined with the prior 5% for a total of 10% impairment. Dr. Guberman placed Mr. O'Neal in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006) which allows for between 5-8% impairment. The impairment rating was therefore adjusted to 8%. Dr. Guberman opined that Mr. O'Neal had no symptoms or range of motion impairment prior to the compensable injury; therefore, though he had preexisting degenerative changes, the impairment was found to be entirely due to the compensable injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 18, 2017, in which he found 6% impairment for range of motion and 5% impairment under Table 75 of the American Medical Association's *Guides* for a combined total of 11% impairment. He then placed Mr. O'Neal in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and adjusted the impairment to 8%. He apportioned 4% to preexisting degenerative spondyloarthropathy and 4% to the compensable injury. He opined that Dr. Guberman failed to apportion his impairment rating for preexisting degenerative changes. Dr. Mukkamala found that Dr. Kropac noted nineteen days after the compensable injury that Mr. O'Neal had experienced back pain for a year. Therefore, he was symptomatic prior to the compensable injury.

The Office of Judges reversed the claims administrator's decision and granted a 4% permanent partial disability award on December 12, 2017. It found that Mr. O'Neal had preexisting back issues as evidenced by Dr. Kropac's treatment note, which cited a 2013 MRI. The 2014 post injury MRI showed degenerative changes with protrusions. The radiologist referred to the June 12, 2013, MRI which showed advanced degenerative changes. The Office of Judges therefore concluded that Dr. Guberman was incorrect in his conclusion that Mr. O'Neal had no back problems prior to the compensable injury. The Office of Judges determined that the reports of Drs. Landis and Mukkamala were of equal evidentiary weight and therefore Mr. O'Neal should be awarded 4% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1g (2018), if after weighing all of the evidence, there exists an equal amount of weight for each side, the resolution that is most consistent with the claimant's position shall be adopted. The reports of Drs. Landis and Mukkamala are both reliable and credible. The Office of Judges committed no error in relying on the report of Dr. Mukkamala.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

3